UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:21-CV-00588-DJH-CHL

DONALD CAREY,                                                                    Plaintiff,

v.

TRANS UNION, LLC, et al.,                                                   Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for More Definite Statement of Defendant Trans Union LLC ("Trans Union").  (DN 14.)  Plaintiff Donald Carey ("Carey") did not file a response, and his time to do so has expired.  *See* LR 7.1(b).  Therefore, this motion is ripe for review.[1]

## I.      BACKGROUND

On September 21, 2021, Carey brought this action against Trans Union, Defendant Equifax Information Services, LLC, and Defendant Experian Information Solutions, Inc.  (DN 1.)  In his complaint, Carey asserted claims against Trans Union for negligent and willful violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA").  (*Id.* at PageID # 7, 9.)  In support

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(A), which authorizes magistrate judges to issue orders on "non-dispositive" matters.  The Sixth Circuit has not directly spoken as to whether a magistrate judge can rule on a Rule 12(e) motion, and indeed, there is a paucity of case law on the subject nationwide.  This may be because 12(e) motions are generally disfavored, that filings of these motions have continued to be rare, or the interlocutory nature of these motions. *See* Charles Alan Wright & Arthur R. Miller, 5C Federal Practice and Procedure § 1377 (3d ed. 2021).  Among courts that have considered the question, the consensus is that Rule 12(e) motions are treated as non-dispositive.  *See Cheshire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009) (per curiam) (noting that "[c]onsent of the parties was not necessary" for a magistrate judge's ruling on a motion for a more definite statement); *Allen v. Citrus Heights Police Dep't*, No. 2:20-cv-1853-JAM-KJN PS, 2021 WL 3268959, at *1 n.2 (E.D. Cal. July 30, 2021) ("A motion for a more definite statement under Rule 12(e) is one such [non-dispositive] motion, as it does not dispose of any claim made by plaintiff.") (collecting cases).  Additionally, there is precedent within this circuit for a magistrate judge to rule on a motion for more definite statement. *Grove v. Mohr*, No. 2:18-CV-1492, 2020 WL 1242395, at *3 (S.D. Ohio Mar. 16, 2020) (finding that a magistrate judge's order on a motion for a more definite statement was non-dispositive and reviewing the order using "contrary to law" standard); *Streets v. Putnam, Inc.*, No. 2:13-CV-0803, 2013 WL 6258559 (S.D. Ohio Dec. 4, 2013) (magistrate judge issuing opinion and order granting Rule 12(e) motion).  The undersigned likewise concludes that the instant is not dispositive and is within his authority under 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

of his claims, Carey alleged that he discovered "false and derogatory tradelines [that] showed [Carey]'s default histories" on his Trans Union Report in March 2021 and disputed the "false and derogatory default history" with Trans Union on April 13, 2021. (*Id.* at 4.) However, he claimed that in response Trans Union verified the accuracy of its reporting and "failed to investigate [his] disputes and failed to remove the disputed items from [his] credit reports." (*Id.* at 5.) He claimed that Trans Union "did not evaluate or consider any of [his] information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following [Trans Union's] receipt of [Carey's] disputes." (*Id.*) Carey alleged that Trans Union's conduct "damaged [him] in that [he] has been denied credit and/or has been forced to pay a high rate of interest for credit . . . ." (*Id.*)

On November 11, 2021, Trans Union filed the instant motion seeking a more definite statement of the claims Carey asserted in this action. (DN 14.) Carey did not file a response to the motion. Then, on December 15, 2021, after Carey failed to respond to its motion, Trans Union filed a notice of Carey's failure to respond to its motion that also offered supplemental authority in support of the same. (DN 16.) In the notice, Trans Union asserted that because Carey failed to respond to the instant motion, he has abandoned his claims and the same should be "deemed inadequate." (*Id.* at PageID # 68-69.)

## II.    DISCUSSION

Trans Union argued that Carey's Complaint "completely fails to provide Trans Union with notice of the alleged accounts or inaccuracies at issue—beyond vague and conclusory allegations that Trans Union reported 'false,' 'derogatory' and 'default payment histories'—and [Carey]'s counsel inexplicably refused to provide clarification of such claims." (DN 14-1, at PageID # 60.)

Trans Union's central objection is that the complaint does not "identify which 'accounts' are at issue, or what [Carey] means by 'false default account history.' " (*Id.* at 61.)

Under Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Federal courts generally disfavor motions for more definite statements." *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (citing *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007)). Due to the liberal notice pleading standards set forth in Rule 8(a)(2) as well as the opportunity for defendants to seek extensive pretrial discovery, "courts rarely grant such motions." *Id.* If a complaint complies with Rule 8(a)(2), the motion should be denied. *Id.*

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court finds that Carey's complaint satisfies that requirement because it "give[s] [Trans Union] fair notice of what [Carey]'s claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In particular, Carey's Complaint includes that date of the dispute he lodged with Trans Union, which should allow Trans Union to locate the dispute and the disputed information. If Trans Union believes that Carey's complaint fails to state a claim for relief or "is so sketchy that it cannot be construed to show a right to relief, the proper attack is by a motion under Rule 12(b)(6) rather than Rule 12(e)." Charles Alan Wright & Arthur R. Miller, 5C Federal Practice and Procedure § 1378 (3d ed. 2021). A 12(e) motion should be reserved for situations in which a pleading is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Shirk v. Fifth Third Bancorp*, No. 05-cv-049,

2008 WL 4449024, *8 (S.D. Ohio Sept. 26, 2008) (quoting *Kok v. First Unum Life Ins. Co.*, 154 F. Supp. 2d 777, 781-82 (S.D.N.Y. 2001)).  This is not the case here.[2]  Because Carey's complaint gives fair notice to Trans Union as to the basis of his claims, there is no need for a more definite statement.  Any additional relevant information Trans Union desires can be sought through the discovery process.

The Court will also separately addresses Trans Union's "Notice of Plaintiff's Failure To Respond to Trans Union, LLC's Motion For A More Definite Statement."  (DN 16.)  This Court's Local Rules do not provide for the filing of such notices.  Instead, "proper motion practice under the local rules contemplates only motions, responses, replies and memoranda."  *Gen. Elec. Co. v. Latin Am. Imports, S.A.*, 187 F. Supp. 2d 749, 752 n.1 (W.D. Ky. 2001).  Thus, a " 'Notice of Filing Supplemental Authority' is properly construed as a motion for leave to file a surreply, which is routinely denied by this court."  *Id.*  *See U.S. Xpress, Inc. v. Streamline, LLC*, No. 3:15-CV-00205-DJH, 2015 WL 13674854, at *2 (W.D. Ky. Aug. 3, 2015) (quoting *Gen. Elec. Co.*, 187 F. Supp. 2d at 752 n.1) ("Given that 'surreplies are not contemplated under the Local Rules,' the motion for leave to file a surreply is **DENIED**." (citation omitted)).  A motion for leave to file a surreply, "when utilized for the purpose of supplementing argument on pending motions, should be used sparingly and for new, controlling case law."  *Gen. Elec. Co.*, 187 F. Supp. 2d at 752 n.1.

---

[2] While not a deciding factor to its analysis, the Court notes that Trans Union's claim that it "is unable to respond intelligently" to Carey's complaint is undermined by the fact that Defendant Experian Information Solutions, Inc. filed an answer responding to Carey's identical allegations against it.  (DN 10.)  *See Siddhar v. Sivanesan*, No. 2:13-CV-747, 2013 WL 6504667, at *9 (S.D. Ohio Dec. 11, 2013), *report and recommendation adopted*, No. 2:13-CV-00747, 2014 WL 46540 (S.D. Ohio Jan. 6, 2014) ("[T]he [defendant] filed an answer on the same day it filed the motion for a more definite statement. The fact that it was able to file the responsive pleading is inconsistent with its argument that the complaint is so vague and ambiguous that it cannot reasonably be required to formulate a response."); *Doe 1 v. Michigan Dep't of Corr.*, No. 13-14356, 2014 WL 2207136, at *11 (E.D. Mich. May 28, 2014).  *But see Davis v. City of Memphis Fire Dep't*, No. 11-3076-STA-CGC, 2012 WL 2000713, at *3 (W.D. Tenn. May 31, 2012) (finding movant's Rule 12(e) motion proper because the moving defendant "did not form part of the group of Defendants which filed the Answer").

Accordingly, "[i]n the future, the parties in this case will confine themselves to the motion practice contemplated by the local rules—the filing of motions, memoranda, responses, and replies." *Id.*

## III.    ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Trans Union's Motion for More Definite Statement (DN 14) is **DENIED**.  Trans Union shall respond to Plaintiff's Complaint (DN 1) on or before **January 10, 2022**.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

January 3, 2022